IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

JASON HENRY DURAN                                                                                         PLAINTIFF
#31526

v.                                                  3:22CV00329-BRW-JTK

CAMERON HUGHS, et al.                                                                                DEFENDANTS

### ORDER

Jason Henry Duran ("Plaintiff") is confined in the Greene County Detention Center. He filed this pro se action alleging violations of his constitutional rights. (Doc. No. 2). Plaintiff also has filed a Motion to Proceed In Forma Pauperis ("IFP Motion"). (Doc. No. 8).

**I.     In Forma Pauperis Motion**

Plaintiff's IFP Motion includes the appropriate financial information and makes the showing required by statute. Accordingly, Plaintiff's Motion will be granted.[1]

Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory filing fee of $350.00 for this action.[2] Plaintiff has submitted a certified copy of his Inmate Trust Fund Account Statement. Based on that information, the Court will not assess an initial partial filing fee.

---

[1] The Plaintiff is hereby notified of his responsibility to comply with the Local Rules of the Court, including Rule 5.5(c)(2), which states, in part: "If any communication from the Court to a pro se Plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."

If at some stage in the litigation of this action, Plaintiff decides not to continue to prosecute this action, Plaintiff should notify the Court in the form of a motion for a voluntary dismissal pursuant to Rule 41 of the Federal Rules of Civil Procedure.

In addition, if Plaintiff has not completely exhausted his administrative remedies with respect to all his claims, as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e, he may file a motion to dismiss his unexhausted claims.

[2] Effective December 1, 2020, the filing fee for civil cases increased to $402, due to the

Plaintiff will be obligated to make monthly payments in the amount of 20 percent of the preceding month's income credited to Plaintiff's prison trust account each time the amount in the account exceeds $10.00.  Plaintiff's current custodian or any future custodian is required to send to the Clerk of the monthly payments from the Plaintiff's prison trust account when the amount exceeds $10.00, until the $350 statutory filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

**II.    Screening**

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim.  See Martin v. Sargent, 780  F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  Denton v. Hernandez, 504 U.S. 25, 32 (1992).

---

implementation of a new $52 administrative fee. However, this fee does not apply to inmates granted leave to proceed in forma pauperis.

**III.    Facts and Analysis**

Plaintiff sued Defendants Correctional Officer Cameron Hughs and Doe Correctional Officer (collectively, "Defendants") in their personal and official capacities. (Doc. No. 2 at 1-2). Plaintiff alleged that he found what appeared to be a rat in his meal tray. (Id. at 4). Plaintiff asked for a new meal tray, but Defendants did not bring him one. (Id.) Plaintiff is now afraid to eat the main course in his meals. (Id.) On November 12, 2022, Plaintiff had stomach pains and diarrhea. (Id. at 5). A nurse prescribed Plaintiff "pepto and another white pill" for Plaintiff's nausea, and told him to let her know if his problems persist. (Id.) Plaintiff seeks "compensation for [his] pain and suffering for being denied proper nutrition." (Doc. No. 2 at 6).

**A.    Official Capacity Claims**

"A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010). To establish municipal liability, a plaintiff must prove that an official municipal policy, deliberately indifferent failure to train or supervise, or unofficial custom caused the constitutional injury. Corwin v. City of Independence, Missouri, 829 F.3d 695, 699 (8th Cir. 2016) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978); City of Canton, Ohio v. Harris, 489 U.S. 378, 389 (1989)).

Because Plaintiff has not alleged that a custom or policy was the driving force behind the alleged violation of his rights, Plaintiff's official capacity claims fail.

**B.    Personal Capacity Claims**

Plaintiff brought his claims under 42 U.S.C. § 1983. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990). "Because vicarious liability is inapplicable to . . . §

3

1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Parrish v. Ball, 594 F.3d 993, 1001 (8th Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009)). Bare allegations void of factual enhancement are insufficient to state a claim for relief under § 1983. See Iqbal, 556 U.S. at 678.

Plaintiff alleges that he was denied one meal—he believed there was a rat in his meal tray and Defendants did not bring him a new meal. Plaintiff has not alleged that other meals he was served were not edible, or that he otherwise has been denied meals. The law in the Eighth Circuit is clear that, without anything further, one missed meal does not rise to the level of a constitutional violation. Williams v. Harness, 221 F.3d 1346 (8th Cir. 2000) (per curiam). Plaintiff's allegation about the missed meal, then, fails to state a claim on which relief may be granted.

Plaintiff also says he had stomach issues on November 12, 2022. (Doc. No. 2 at 5). According to Plaintiff, he received medical care for his stomach. (Id.). Without more, these allegations also fail to state a claim on which relief may be granted.

    **C.    Superseding Amended Complaint**

Plaintiff may amend his Complaint to cure the defects explained above. If Plaintiff decides to amend, Plaintiff should submit to the Court, within thirty (30) days of the entry date of this Order, a superseding Amended Complaint that contains in a single document his claims against all Defendants he is suing. Plaintiff is cautioned that an Amended Complaint renders his original Complaint without legal effect.[3] Only claims properly set out in the Amended Complaint will be allowed to proceed. Therefore, Plaintiff's Amended Complaint should: **1) name each party he**

---

[3] "An amended complaint 'ordinarily supersedes the original and renders it of no legal effect.'" In Home Health, Inc. v. Prudential Ins. Co. of America, 101 F.3d 600, 603 (8th Cir. 1996), quoting International Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir. 1994) (other citations omitted).

**believes deprived him of his constitutional rights and whom he wishes to sue in this action; 2) provide specific facts against each named Defendant in a simple, concise, and direct manner, including dates, times, and places if possible; 3) indicate whether he is suing each Defendant in his/her individual or official capacity, or in both capacities; 4) explain the reasons for an official capacity claim, if he makes one; 5) explain how each defendant's actions harmed him personally; 6) explain the relief he seeks; and 7) otherwise cure the defects explained above and set out viable claims.**

If Plaintiff does not submit an Amended Complaint, I will recommend that his Original Complaint be dismissed. See 28 U.S.C. § 1915(e)(2); Loc. R. 5.5(c)(2).

## IV.  Conclusion

IT IS, THEREFORE, ORDERED that:

1. Plaintiff's Motion to Proceed In Forma Pauperis (Doc. No. 8) is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350 for this action. Plaintiff's present custodian, and any future custodians, shall collect monthly payments from Plaintiff's prison trust account in an amount equal to 20 percent of the preceding month's income credited to the prisoner's trust account each time the amount in the account exceeds $10.00, and shall forward those payments to the Clerk of the Court in accordance with 28 U.S.C. § 1915(b)(2), until a total of $350 has been collected and forwarded to the Clerk of the Court. The payments shall be clearly identified by the name and number assigned to this action.

3. The Clerk shall forward a copy of this Order to the Administrator of the Greene County Detention Center, 1809 North Rocking Chair Road, Paragould, AR 72450.

4. If Plaintiff wishes to submit an Amended Complaint for the Court's review, he must file the Amended Complaint consistent with the above instructions within thirty (30) days from

the date of this Order.   If Plaintiff does not submit an Amended Complaint, I will recommend that his Original Complaint be dismissed.   See 28 U.S.C. § 1915(e)(2); Loc. R. 5.5(c)(2).

     5.     The Clerk of the Court is directed to mail Plaintiff a blank 42 U.S.C. § 1983 Complaint form.

     IT IS SO ORDERED this 15th day of February, 2023.

                                                                                       _____
                                                                                       JEROME T. KEARNEY
                                                                                       UNITED STATES MAGISTRATE JUDGE