IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

JASON HENRY DURAN                                                                                          PLAINTIFF
#31526

v.                                           3:22CV00329-BRW-JTK

CAMERON HUGHS, et al.                                                                              DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition ("Recommendation") has been sent to United States District Judge Billy Roy Wilson. Any party may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

**I.      Introduction**

Jason Henry Duran ("Plaintiff") is confined in the Greene County Detention Center. He filed this pro se action on December 30, 2022 alleging violations of his constitutional rights. (Doc. No. 2). Plaintiff also filed a Motion to Proceed In Forma Pauperis, which was granted. (Doc. Nos. 8, 10). The Court screened Plaintiff's Complaint pursuant to the Prison Litigation Reform Act ("PLRA") and found that Plaintiff failed to state a claim on which relief may be granted. (Doc. No. 10). Plaintiff was given the opportunity to file an Amended Complaint to cure the deficiencies in his pleading; the Court provided detailed advice of what any Amended Complaint should contain. (Id.)

Plaintiff filed his Amended Complaint on February 28, 2023. (Doc No. 11). Upon screening Plaintiff's Amended Complaint, and for the reasons set out below, the Court finds that Plaintiff's Amended Complaint fails to state a claim on which relief may be granted.

## II.   Screening

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

## III.   Facts and Analysis

Plaintiff sued: Correctional Officer Cameron Hughs; Doe Correctional Officer; Greene County, Arkansas, Sheriff Brad Snyder; and Kitchen Manager Antonnette Barron (collectively, "Defendants") in their personal and official capacities. (Doc. No. 11 at 1-2). Plaintiff alleged

that on November 11, 2022, after he had taken some bites of food, he found a rat in his meal tray. (Id. at 5). Plaintiff asked for a new meal tray, but Defendants Hughs and Doe did not bring him one. (Id.). On November 12, 2022, Plaintiff had stomach pains and diarrhea. (Id.). Plaintiff was given "pepto and another white pill" for Plaintiff's nausea. (Id.). Plaintiff says he wrote the kitchen about this incident, but received no answer. (Id. at 6). Plaintiff has ongoing nightmares about dead animals in his food. (Doc. No. 11 at 6).

On February 6, 2023, Plaintiff filed a grievance "directed to the kitchen" in which Plaintiff mentioned the rat in his food. (Id.). Defendant Barron responded that the rat had not come from the kitchen, and that kitchen staff have no control over food after it leaves the kitchen. (Id.). Plaintiff says "the officers" are in immediate control of the food after it leaves the kitchen and are responsible for the food. (Id.). Plaintiff then asked to receive Kosher meals. (Id.). According to Plaintiff, "on multiple occasions, foods, such as Kosher fresh vegetables, have been left off the trays." (Id.). Despite Plaintiff's complaints to Defendant Barron, food has continued to be left off his tray. (Doc. No. 11 at 7).

Defendant Snyder "recently went barracks to barracks" and addressed the issues with meals. (Id.). Plaintiff says that since that day, the quantity of food in his meals "is getting less and less." (Id.). Plaintiff believes either the Sheriff or kitchen staff are retaliating against him for his complaints. (Id.).

On February 22, 2023, the cereal in Plaintiff's breakfast tray had mold on it. (Id.). Plaintiff claims that, taken together, the problems with his meals show "deliberate indifference to the most basic need of adequate nutrition," in violation of his constitutional rights. (Id.)

Plaintiff seeks damages and injunctive relief. (Doc. No. 11 at 8).

### A. Official Capacity Claims

"A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010). To establish municipal liability, a plaintiff must prove that an official municipal policy, deliberately indifferent failure to train or supervise, or unofficial custom caused the constitutional injury. Corwin v. City of Independence, Missouri, 829 F.3d 695, 699 (8th Cir. 2016) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978); City of Canton, Ohio v. Harris, 489 U.S. 378, 389 (1989)).

Because Plaintiff has not alleged that a custom or policy was the driving force behind the alleged violation of his rights, Plaintiff's official capacity claims fail.

### B. Personal Capacity Claims

Plaintiff brought his claims under 42 U.S.C. § 1983. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Parrish v. Ball, 594 F.3d 993, 1001 (8th Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009)). Bare allegations void of factual enhancement are insufficient to state a claim for relief under § 1983. See Iqbal, 556 U.S. at 678.

#### 1. Defendants Hughs and Doe

Plaintiff alleges that Defendants Hughs and Doe denied him one meal—there was a rat in Plaintiff's meal tray on November 11, 2022 and Defendants Hughs and Doe did not bring him a new meal. Without more, one missed meal does not rise to the level of a constitutional violation. Williams v. Harness, 221 F.3d 1346 (8th Cir. 2000) (per curiam). Because Plaintiff's only

4

allegations against Defendants Hughs and Doe are the one missed meal, Plaintiff's allegations against Defendants Hughs and Doe fail to state a claim on which relief may be granted.

The Court notes that Plaintiff says he had stomach issues on November 12, 2022. (Doc. No. 11 at 4-5). According to Plaintiff, he received medical care for his stomach. (Id.). Without more, these allegations also fail to state a claim on which relief may be granted.

### 2. **Defendants Snyder and Barron**

Plaintiff filed suit on December 30, 2022. (Doc. No. 2). In Plaintiff's original Complaint, he raised claims only in connection with the rat in his food on November 11, 2022. (Id.). Plaintiff added new claims to his Amended Complaint. (Doc. No. 11). But all new claims arose in February 2023—after Plaintiff filed this action. Because the allegedly unlawful actions took place after Plaintiff filed his original Complaint, Plaintiff may not pursue those claims in this case. Johnson v. Jones, 340 F.3d 624, 627 (8th Cir. 2003); 42 U.S.C. § 1997e(a).

Even if Plaintiff's newly added claims were properly brought in this lawsuit, those claims would fail. Despite specific instruction from the Court, Plaintiff has not described how the actions of Defendants Snyder and Barron "harmed him personally." (Doc. Nos. 10, 11). "[F]or a federal court to have authority under the Constitution to settle a dispute, the party before it must seek a remedy for a personal and tangible harm." Hollingsworth v. Perry, 570 U.S. 693, 704 (2013). While Plaintiff claims inadequate nutrition, there are no factual allegations showing harm to support his claim.

Further, while Plaintiff alleged the meal portions were getting smaller and smaller, he does not specifically identify who retaliated against him. Plaintiff suggests only that Defendant Snyder or the "kitchen staff" is responsible for the alleged retaliation. The Court notes that liability under 42 U.S.C. § 1983 is based on an individual's actions; when allegations are made broadly against

multiple individuals as Plaintiff has done, the Court cannot determine on whom Plaintiff's claims should be served.

IV.  **Conclusion**

IT IS, THEREFORE, RECOMMENDED that

1. This action be DISMISSED without prejudice for failure to state a claim on which relief may be granted.

2. The Court recommend[1] that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).[2]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any Order adopting these recommendations and accompanying Judgment would not be taken in good faith.

Dated this 1st day of March, 2023.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[1] The number of strikes a plaintiff has accrued may be determined only by looking backwards to past dismissals; 28 U.S.C. § 1915(g) leaves the effective decision to the later tribunal. Gonzalez v. United States, 23 F. 4th 788, 789-91 (8th Cir. 2022).

[2] Title 28 U.S.C. § 1915(g) provides as follows:  "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."